JOHNNY R. WATT, BY HIS NEXT FRIEND, JOHN MACK WATT v. HOUSING AUTHORITY OF THE CITY OF CHARLOTTE, A NORTH CAROLINA CORPORATION.

(Filed 24 March, 1965.)

1. **Negligence § 37f— Evidence held insufficient for jury on issue of negligence of proprietor in failing to discover and remove dangerous substance.**

   Plaintiff, a minor, was injured when another child threw a can containing a caustic substance in his face as he was playing in the yard of de-

fendant's apartment building. Plaintiff's evidence was to the effect that some two or three months before the injury a former tenant of an adjacent apartment had a can of Drano therein, and that another occupant saw a Drano can on the windowsill of the apartment about noon and again as she brought in her clothes before night on the day plaintiff was injured. *Held:* The evidence is insufficient to be submitted to the jury on the question of defendant's negligence in failing to make reasonable and proper inspection to discover and remove dangerous substances around the premises where small children were known to play.

**2. Negligence § 24a—**

Negligence may be established by circumstantial evidence, but an inference of negligence must be based upon facts established by direct testimony and may not be based upon another inference or presumption.

**3. Trial § 22—**

Evidence which raises a mere speculation or conjecture is insufficient to be submitted to the jury.

APPEAL by plaintiff from *Riddle, J.,* October 1, 1964 Schedule "D" Session, MECKLENBURG Superior Court.

The plaintiff, age eight years, by his father as Next Friend, instituted this civil action against the defendant Housing Authority to recover damages for personal injuries sustained on October 23, 1962, when another child threw "a part of the contents of a can of Drano, a caustic, poisonous chemical, into the face of the minor plaintiff while he was playing in the yard of the apartment building . . . blinding him in one eye and substantially impairing his vision in the other."

The plaintiff based his claim upon the allegations that the defendant's employees were negligent in that while cleaning and repainting its apartment No. 319, they left, or failed to remove, a can of Drano from the reach of small children known to be playing around the building; and thus the defendant negligently failed to maintain, in a reasonably safe condition, the premises under its control.

The plaintiff offered evidence that he and his family lived in apartment No. 317 in the Authority's building. About two months before plaintiff's injury the former occupant of adjoining apartment No. 319 had in the apartment a part of a can of Drano, a chemical used in flushing water pipes. When she vacated the apartment she did not remove the can and did not know whether it was there when her family left. The defendant's employees cleaned, renovated, and spray-painted the apartment, completing the work about 3:30 on October 23. The apartment was locked at all times except when the employees were at work.

The plaintiff offered evidence that a can of Drano was sitting on a windowsill outside the window at the back of Apartment 319. The can

was observed at about twelve o'clock and again shortly thereafter on the afternoon of October 23 — the date of plaintiff's injury. The window was closed. After the injury an empty Drano can with the screw cap missing was found "at the end of the drainspout (around the corner of the building) . . . the can was . . . empty." There was evidence that a circle — or clean place — about the size of the bottom of the can was on the windowsill, surrounded by green paint. The windowsill was 61½ inches from the ground and about 30 inches from the porch of apartment No. 319. The can was not there when the place was examined after the plaintiff's injury.

The plaintiff, age 10 at the time of the trial, testified: "This other boy when I first saw him was at the end corner of the house . . . When I first saw him, he had something in his hand. His arm was moving. I couldn't see what he had in his hand but whatever it was, I say it was wet." The substance struck him in the face.

The plaintiff introduced the adverse examination of the two men employees of the defendant who did the cleaning and painting in the apartment. They concluded the work about an hour before the plaintiff was injured. Neither used or saw any can of Drano about the apartment or the windowsill. One of them checked the meter near the window. He did not see any can on the windowsill. The Housing Authority did not furnish or use Drano, but a different chemical in its cleaning operations.

Dr. Harold S. Pride testified with respect to the character and extent of the plaintiff's injuries. He expressed this opinion as to the cause of the injury: "As to the apparent cause of that condition, it appeared as if some type of caustic substance had come in contact with his skin and eyes . . . I am familiar with burns caused by a product called Drano. In my opinion the condition which I saw there could have been caused by Drano."

At the conclusion of the plaintiff's evidence the court, on defendant's motion, entered a judgment of compulsory nonsuit. The plaintiff excepted and appealed.

*Kennedy, Covington, Lobdell & Hickman by Hugh L. Lobdell, Charles V. Tompkins, Jr., for plaintiff appellant.*

*Carpenter, Webb & Golding by John G. Golding for defendant appellee.*

HIGGINS, J.   The evidence disclosed that two or three months before the plaintiff's injury a former tenant of apartment No. 319 had a can of Drano in the apartment. Evidence that the can was seen thereafter is lacking. The owner had not seen it. She cleaned the apartment

prior to moving. Those who helped to move did not see it. The agents of the defendant who spray-painted and cleaned the interior of the apartment testified for the plaintiff by adverse examination. They did not use and did not observe any can of Drano, either in, or about the apartment.

An occupant of another apartment testified she saw a can of Drano on the windowsill of the apartment about noon and again as she brought in her clothes before night on the day the plaintiff was injured. For the purpose of testing the sufficiency of the evidence, we must give full weight to her testimony. She had no opportunity to know whether the can was full, partially full, or empty; so, whether the can contained Drano is speculation. There is no proof any employee of the defendant put the can on the windowsill, or knew it was there. All the direct and positive evidence of those who were in a position to know was to the contrary. There is no evidence in the record that any agent of the defendant knew a can containing any dangerous substance was on the windowsill or anywhere else about the apartment where children might discover it and be injured. The most that may be inferred is that a Drano can was on the windowsill at twelve o'clock and still there at the time the witness cleared her clothesline in the afternoon. It may not be inferred that this short time was sufficient to charge the defendant with constructive notice sufficient to show a negligent failure to make reasonable and proper inspection, and discover and remove a dangerous condition.

Only by inference may we charge the defendant with the responsibility for placing a can of Drano in reach of children. Another inference is necessary before we may place that particular can in the hands of the boy who threw some burning liquid into the face of the plaintiff. Another inference is necessary to identify the harmful fluid as Drano. The plaintiff's doctor said the injury may have been caused by Drano.

In the law of negligence, inferences may be drawn if a proper factual basis exists for them. But they must be drawn from facts in evidence. An inference may not be based on other inferences. "Evidence of actionable negligence need not be direct or positive. Circumstantial evidence is sufficient, either alone or in combination with direct evidence . . . A basic requirement of circumstantial evidence is reasonable inference from established facts. Inference may not be based on inference. Every inference must stand upon some clear and direct evidence, and not on some other inference or presumption." *Lane v. Bryan,* 246 N.C. 108, 97 S.E. 2d 411. "We may say with certainty that evidence which merely shows it possible for the fact in issue to be as alleged, or which raises a mere conjecture that it is so, is an insufficient foundation for a verdict and should not be left to the jury." *Lee v. Stevens,*

251 N.C. 429, 111 S.E. 2d 623; *Miller v. Coppage*, 261 N.C. 430, 135 S.E. 2d 1; *Kelly v. Willis*, 238 N.C. 637, 78 S.E. 2d 711; *Sowers v. Marley*, 235 N.C. 607, 70 S.E. 2d 670; *Poovey v. Sugar Co.*, 191 N.C. 722, 133 S.E. 12.

Under the authority of the foregoing and other decisions to like effect, we hold the evidence offered was insufficient to make out a case for the jury. The judgment of nonsuit entered in the Superior Court is

Affirmed.