SOUTHERN EQUIPMENT COMPANY, INC., D/B/A READY MIXED CONCRETE COMPANY v. CECIL WINSTEAD, MORRIS NEWKIRK, RAYMOND SMITH, PRESTON WELLS, JR., AND JOHN K. SYKES, MEMBERS OF THE BOARD OF ADJUSTMENT OF THE TOWN OF MOUNT OLIVE, NORTH CAROLINA, AND THE BOARD OF ADJUSTMENT OF THE TOWN OF MOUNT OLIVE, NORTH CAROLINA

No. 858SC833

(Filed 6 May 1986)

Municipal Corporations § 30.19 — nonconforming use — failure to operate — not a forfeiture

    Petitioner did not "cease" operation of its concrete mixing facility and lose its nonconforming use under a Mount Olive zoning ordinance where petitioner did not operate the plant for more than six months due to a slump in business but maintained the plant, equipment, and inventories as before, could have resumed operations within two hours, and filled orders received during that time at its nearby plant in Goldsboro. The law does not favor forfeitures and statutes authorizing them must be strictly construed; a subsection of the same ordinance making discontinuance another ground for forfeiture would serve no purpose if the failure to operate a nonconforming business for six months is a ceasing which automatically forfeits the nonconforming use.

APPEAL by respondents from *Reid, Judge.* Judgment entered 11 March 1985 in Superior Court, WAYNE County. Heard in the Court of Appeals 13 January 1986.

The petitioner owns and operates a concrete mixing facility within the zoning jurisdiction of the Town of Mount Olive. The plant was built in 1963 by another company which operated it until selling it to petitioner in 1980. In 1974 the Town adopted a zoning ordinance that prohibits manufacturing on the property involved except as a nonconforming use. By Section 9-3-115(a) of the ordinance nonconforming uses are forfeited when any of several conditions occur, one of which is as follows:

(2) If a nonconforming use of land and/or structures ceases for any reason for a period of six (6) months;

There is no dispute about the facts. The record shows and the parties concede that: Due to a slump in business the plant was not operated for more than six months immediately preceding January, 1983. During that time petitioner continued to maintain the plant, equipment, inventories and utilities as before, and could have resumed operations within two hours after deciding to do so; all orders received during that period were filled at its other plant in nearby Goldsboro. In January of 1983 petitioner began operating the plant again and on 28 February 1983 the Town Zoning Officer advised petitioner that because of its failure to operate the plant for more than six months its nonconforming use had been lost under the terms of the above ordinance. This ruling was upheld by the Town's Board of Adjustment. The Superior Court, pursuant to a writ of certiorari, reversed, noting that:

6. The zoning ordinance does not use the language "if the operation is not active for a period of six months." The ordinance uses the word "ceases."

7. It is apparent that the Zoning Enforcement Officer and the Board of Adjustment concluded that the Petitioner "ceased" the nonconforming use of its land and/or structures for more than six (6) months. The uncontradicted evidence is that the nature and use of the land and structure did not change during the period in question, even though, for economic reasons, the Petitioner did not load concrete mixing trucks at this plant for a period of six (6) months.

*Dees, Smith, Powell, Jarrett, Dees & Jones, by William A. Dees, Jr., for petitioner appellee.*

*Vickory & Hawkins, by C. Branson Vickory, for respondent appellants.*

PHILLIPS, Judge.

This appeal turns upon the sense in which the word "ceases" is used in the foregoing ordinance, which forfeits the right to use nonconforming property under the conditions stated therein. As is commonly known the word "cease" has two meanings; one of which indicates a final condition, but the other does not. The

definition most frequently given by the dictionaries in widest use is "[t]o come to an end; to stop." Webster's New International Dictionary (2d ed. 1953) at page 429. Terminate is a synonym of the first, discontinue of the second. The difference between the two definitions in the context of this case is both significant and decisive; for while the manufacturing of cement on the premises involved was stopped for more than six months it did not end. Thus, if the word cease was used in the sense of just stopping the forfeiture lies; otherwise it does not. There is nothing in the provision quoted or in the zoning ordinance as a whole to indicate that in enacting the ordinance the Town legislative body equated the mere failure to operate a nonconforming business with its cessation. On the other hand, there is a strong indication in a companion subsection of the same ordinance that the word cease was used in a more stringent sense. We therefore hold that petitioner's valuable property right was not forfeited by mere inactivity for six months and affirm the judgment of the Superior Court. This conclusion is in keeping with the time honored maxim that the law does not favor forfeitures and statutes authorizing them must be strictly construed. 37 C.J.S. *Forfeitures* Sec. 4, p. 8 (1943); *U. S. v. One 1936 Model Ford Coach*, 307 U.S. 219, 226, 83 L.Ed. 1249, 1255, 59 S.Ct. 861, 865 (1939). Subsection (4) of the same ordinance makes *discontinuing* the use of nonconforming property another ground for forfeiture as follows:

> (4) If a nonconforming use of a building and/or land is discontinued or abandoned for 12 consecutive months or for 24 months during any four (4) year period. (As used herein, the word "discontinued" means that the owner or party responsible for the use of the property cannot demonstrate that he had a clear intent to continue using the property for the nonconforming purpose and that he had augmented that intent by making every reasonable effort to continue to have the property so used. A demonstration of intent would be a reasonable and continuous effort to sell or rent the property for the nonconforming purpose.)

Obviously, if the legislative body regarded the mere failure to operate a nonconforming business for 6 months as a *ceasing* within the purview of subsection (2) that automatically forfeited the right to operate in the future, the above enactment permitting forfeitures under some circumstances for a failure to use the

nonconforming property for 12 consecutive months would serve no purpose whatever.

Affirmed.

Chief Judge HEDRICK and Judge JOHNSON concur.