CHARLES E. FLOWERREE AND WIFE, JANE FLOWERREE v. CITY OF CON-
CORD, NORTH CAROLINA AND THE CONCORD BOARD OF ADJUSTMENT

No. 8819SC386

(Filed 18 April 1989)

1. **Municipal Corporations § 30.19 — apartments — vacant between
   tenants and during renovations — not a cessation of noncon-
   forming use**

   The trial court properly concluded that there was no cessa-
   tion of plaintiffs' nonconforming use and reversed the City
   Board of Adjustment's denial of a certificate of occupancy
   for plaintiffs' duplex apartment where the undisputed facts
   showed that plaintiffs lost their tenants in January or February
   and were unable to re-lease the second apartment in the duplex
   until July; however, during the period of unoccupancy plain-
   tiffs continued to seek renters and made repairs and renova-
   tions in an effort to attract new tenants.

2. **Municipal Corporations § 31.2 — superior court review of Board
   of Adjustment decision — no error**

   The trial court did not improperly substitute its judgment
   for that of the City's Board of Adjustment or improperly con-
   clude based on insufficient findings of fact that there had been
   no cessation of plaintiffs' nonconforming use where the facts
   were not in dispute and whether there was a cessation of
   use was a question of law. The language in the court's order
   that the "non-occupancy resulted from factors beyond peti-
   tioners [sic] control" merely explained the court's opinion and
   did not constitute an additional finding of fact.

APPEAL by respondents from the Order of *Judge William Z.
Wood* entered 20 November 1987 in CABARRUS County Superior
Court. Heard in the Court of Appeals 29 November 1988.

*Michael B. Brough & Associates, by Michael B. Brough and
Frayda S. Bluestein, for petitioner appellees.*

*Ford, Parrott & Hudson, by John T. Hudson; and Johnson,
Belo & Plummer, by Gordon Belo, for defendant appellant.*

COZORT, Judge.

The question before us is whether the City of Concord properly denied plaintiffs' application for an occupancy permit based on a finding that there was a "cessation" of a nonconforming use when plaintiffs' duplex apartments were unoccupied by tenants for a period in excess of three consecutive months. We hold that there was not a cessation of use within the meaning of the applicable zoning ordinance and therefore affirm the trial court's order reversing the City's denial of the permit.

In August of 1986, plaintiffs purchased real property on North Union Street in Concord, North Carolina, which included a single-family home, an unattached garage with an apartment, and a duplex building containing two apartments. The entire property was located in an historic district zoned "R-1 Residential," in which only single-family residences, not duplexes, were allowed. At the time plaintiffs purchased the property, however, the duplex was maintained as a lawful nonconforming use under the City's zoning ordinance.

In December of 1986, plaintiffs installed a gas furnace in the duplex and had gas lines installed, which interfered with use of the driveway to the duplex until early spring. In late January or early February, the tenants occupying each of the duplex apartments vacated, and electrical service to both apartments was disconnected. In March electrical service to one of the apartments was reconnected. For two weeks in March plaintiffs advertised in a local newspaper for renters. The property was also listed with a local real estate company. Having no success obtaining tenants, plaintiffs undertook repairs and renovations in an effort to attract new renters. In early July 1987, one of the apartments was rented to tenants and became occupied. At that time, a tenant was also found for the second apartment. However, when plaintiffs sought a certificate of occupancy for the second apartment, the City Planning Director denied their request on the ground that there had been a cessation of use of the building as a duplex apartment building for more than three consecutive months, thus triggering the forfeiture provision of the City's zoning ordinance.

Plaintiffs appealed to the Board of Adjustment, which, after holding a public hearing, affirmed the denial of a certificate of occupancy in accordance with the Planning Director's decision. Pursuant to N.C. Gen. Stat. § 160A-388, plaintiffs petitioned for writ of certiorari to the Superior Court of Cabarrus County. The writ

was allowed and, after a hearing, the Honorable William Z. Wood entered an order reversing the Board and ordering the City to issue a certificate of occupancy to plaintiffs. The City appealed. We affirm.

[1] Zoning ordinances should be interpreted to achieve a "fair balance" between a city's effort to preserve the character of a neighborhood by restricting and excluding new uses and structures and eliminating existing uses and structures which are prejudicial to the character of a neighborhood, and the rights of the property owner whose interests are affected by the ordinance. *In re O'Neal*, 243 N.C. 714, 721, 92 S.E. 2d 189, 194 (1956). Section 604.22 of the Concord Zoning Ordinance provides that a nonconforming use shall not be "reused after cessation of use for three (3) consecutive months . . . ." We believe a fair balance of the interests of the city and property owners would not be achieved if the ordinance is interpreted as equating unoccupancy by tenants with cessation of the nonconforming use so as to preclude consideration of other relevant attendant circumstances.

The undisputed facts show that plaintiffs lost their tenants in January or February and were unable to re-lease the second apartment in the duplex until July. During the period of unoccupancy, however, plaintiffs continued to seek renters and made repairs and renovations in an effort to attract new tenants. We hold that under these facts the trial court properly concluded that there was no cessation of plaintiffs' nonconforming use. *See Southern Equipment Co. v. Winstead*, 80 N.C. App. 526, 342 S.E. 2d 524 (1986).

[2] The City's remaining assignments of error are that (1) the trial court improperly substituted its judgment for that of the Board, and (2) the trial court's conclusion of law that there was no cessation of use was not based on sufficient findings of fact. As for the second argument, the rule is that in proceedings to review a city's zoning decision, the superior court is not the trier of fact, which is the function of the Board, but sits as an appellate court to review the record for errors of law and to insure that proper procedures were followed and that the Board's decision was supported by competent, material, and substantial evidence. *Coastal Ready-Mix Concrete Co. v. Board of Commissioners*, 299 N.C. 620, 626, 265 S.E. 2d 379, 383, *reh'g denied*, 300 N.C. 562, 270 S.E. 2d 106 (1980).

FLOWERREE v. CITY OF CONCORD

[93 N.C. App. 483 (1989)]

In the instant case the trial court set forth its reasoning as follows:

> The Court is persuaded that section 604.22, which provides that a non-conforming use may not be resumed after there has been a "cessation of use" for three consecutive months, does not support the denial of the certificate of Occupancy for the duplex under the facts of this case where, even though the duplex remained unoccupied for a period in excess of three months, the non-occupancy resulted from factors beyond petitioners [sic] control and during the period of non-occupancy Petitioners continued to repair and renovate the units and continued to seek new tenants for the duplex. Therefore, while there was an interruption in occupancy, there was no "cessation of use within" the meaning of Section 604.22 of the Concord Zoning Ordinance.

The trial court recited the facts of the case as found by the Board that the duplex remained unoccupied for more than three months and that during the period of unoccupancy plaintiffs repaired and renovated the apartments and sought tenants. Since the facts were not in dispute, whether there was a cessation of use was a question of law. *See In re Tadlock,* 261 N.C. 120, 124, 134 S.E. 2d 177, 180 (1964). On the undisputed facts before it, the trial court properly concluded that there was no cessation of use.

The language in the court's order that "the non-occupancy resulted from factors beyond petitioners [sic] control" did not constitute an additional finding of fact. In our view, that statement merely explained the court's opinion that there was not a cessation of use because the unoccupancy was due to not having found a tenant despite the owners' efforts to do so.

Although we affirm the trial court's ruling, we note that there is an inconsistency in the record as to which apartment was denied the occupancy permit. The evidence before the Board and in plaintiffs' petition for certiorari indicates that the apartment in dispute was the one located at 133 North Union Street, whereas the Superior Court entered an order to issue a certificate of occupancy for the apartment located at 135 North Union Street. We therefore remand to the Clerk of Superior Court of Cabarrus County with an instruction to correct the order to refer to the appropriate apartment.

Affirmed.

Remanded for correction of judgment.

Judges ARNOLD and WELLS concur.